**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ZAHKIA I. MORGAN, | |
| Plaintiff, | |
| v. | Case No: 8:26-cv-00898 |
| PROPERTY RECEIVABLES, CORP., | |
| Defendant, | |

**COMPLAINT**

**NOW COMES** ZAHKIA I. MORGAN, ("Plaintiff"), by and through the undersigned attorney, complaining of TRANSUNION, LLC ("TU" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

**JURISDICTION AND VENUE**

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the FCRA is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

1

4.      Plaintiff is a natural person over 18-years-of-age, who at all times relevant resided in Land O' Lakes, Florida.

5.      Defendant is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida.

## FACTUAL ALLEGATIONS

6.      In or around July 29, 2025, Plaintiff moved out of her apartment owned by Tricon Residential ("Tricon").

7.      After Plaintiff vacated her apartment, she was credited in the amount of $3,374.10.

8.      On September 24, 2025, Plaintiff received a letter from Defendant stating that she owed $3,783.59 ("subject debt") to Tricon Residential and they were attempting to collect this debt.

9.      On October 6, 2025, Plaintiff sent a dispute email containing her move out statement showing that she was credited $3,374.10 to Tricon's management and Tricon.

10.      Upon information and belief, Defendant still reported the subject debt on Plaintiff's credit reports with Ticon and TransUnion.

11.      Plaintiff disputed this alleged subject debt with Defendant.

12.      Despite receiving notice of the move out statement showing Plaintiff was credited, and did not owe Tricon Residential, the subject debt still appeared on her TransUnion credit report.

13.      On November 30, 2025, Plaintiff's TransUnion credit report stated a balanced owed of $3,819.

14.      Plaintiff has since disputed this charge with TransUnion.

15.      Plaintiff further suffered emotional distress, and extreme anxiety as a result of Defendant's

erroneous credit reporting

16.　Frustrated with Defendant's unfair and deceptive conduct, Plaintiff retained counsel to compel the Defendants to cease its unlawful collection practices and to vindicate her rights.

### IMPACT OF INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILE

17.　The erroneous reporting of the inaccurate information paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Plaintiff's information has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

18.　In an effort to remedy the continued inaccurate and materially misleading reporting of the fraudulent information and to validate the accuracy of Defendant's inaccurate credit reporting.

19.　The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

20.　As a result of the conduct, actions, and inactions of the Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, increased insurance premiums, increased interest rates, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, loss of the use of funds, local or long distance telephone calls, postage, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the fraudulent information that does not belong to Plaintiff.

21.　Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Transunion credit files.

3

**<u>COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>**

22.    Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein

23.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

24.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

25.    At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

26.    At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

27.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

28.    The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

29.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

30.    Plaintiff provided Trans Union with all relevant information and documentation in his dispute to support his contention that the disputed account was reporting inaccurately.

31.    A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed account was reporting inaccurately.

32.    TransUnion failed to conduct a meaningful investigation into Plaintiff's dispute. Instead,

it continued to blindly report the false information provided to it by Plaintiff.

33.    TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

34.    TransUnion repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

35.    TransUnion failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by TRICON as accurate.

36.    Had TransUnion followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the disputed account was reporting inaccurately. Instead, TransUnion repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed account.

37.    TransUnion should have implemented procedures and safeguards to prevent repeated reporting inaccurate information regarding the account.

38.    TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) modify the account to report accurately on Plaintiff's credit file.

39.    Had TransUnion conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the disputed account was reporting incorrectly.

40.    TransUnion took no meaningful action to determine whether the disputed account was reporting incorrectly and blindly reported the same with no regard to its accuracy.

41.    At very minimum, TransUnion should have requested that TRICON provide proof that its

reporting was accurate. Instead, TransUnion continued to recklessly report false and unreliable information regarding the account.

42.      TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to TRICON. Upon information and belief, TransUnion may have failed to forward all relevant information provided by Plaintiff to TRICON.

43.       TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed account.

44.      TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to modify the disputed account that was the subject of Plaintiff's dispute after Plaintiff submitted compelling evidence that the disputed account was reporting inaccurately.

45.      TransUnion had actual knowledge that the erroneous reporting of the disputed account would have a significant adverse effect on Plaintiff's creditworthiness and ability to obtain credit.

46.      Despite having actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

47.      By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

48.       It is Trans Union's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

49.      TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

50.      TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files,

6

ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

**WHEREFORE**, Plaintiff requests the following relief:

a.    A finding that Defendant violated the FDCPA.

b.    An award of statutory damages;

c.    An award of actual damages;

d.    An award of reasonable attorney's fees and costs; and

e.    Any further relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: March 30, 2026,                             Respectfully submitted,

<u>*/s/ Maxwell W. Brooks*</u>
Maxwell W. Brooks, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
mbrooks@atlaslawcenter.com
*Counsel for Plaintiff*